FILED

## IN THE UNITED STATES DISTRCT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

2016 JAN -4  A 8: 41

| | |
|---|---|
| SHIRLEY A. STEWART )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | CIVIL ACTION NO.<br>1:15cv1362<br><br>ACTION FOR DAMAGES:<br>WRONGFUL ARREST,<br>DESTRUCTION OF<br>PROPERTY,<br>EXCESSIVE FORCE,<br>VIOLATION OF<br>FOURTEENTH<br>AMENDMENT SUBSTANTIVE<br>DUE PROCESS,<br>INTENTIONAL<br>INFLICTION OF EMOTIONAL<br>DISTRESS, FALSE<br>IMPRISONMENT, EXCESSIVE<br>FORCE, MALICIOUS<br>PROSECUTION, DAMAGE TO<br>BUSINESS, AND PUNITIVE<br>DAMAGES |

---

## AMENDED COMPLAINT

---

**COMES NOW**, Plaintiff, *Pro Se*, pursuant to 28 U.S.C. section 1346(b), 2671-2680[1], and

makes the following Complaint against Defendant United States of America:

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. section 1346(b).

2. Plaintiff is a resident of the state of Virginia in the county of Fairfax, and the

   triggering offence occurred in county of Fairfax.  Therefore, this matter is properly

   before this honorable United States District Court for the Eastern District Virginia

---

[1] *Federal Tort Claims Act (FTCA)*

3.  The *Federal Tort Claim Act ('FTCA')* is applicable to this matter.

4.  Immunity does not apply to the actions brought under 28 U.S.C. Section 1346(b).

5.  Ante litem notices of claims have been sent to the respective agencies

6.  The statute of limitations has not expired in this matter.

7.  On October 8, 2013, Plaintiff was awakened by a loud explosion at her home at 1601 Society Court, Herndon, Virginia, where Plaintiff has resided for thirty (30) years.

8.  Plaintiff walked out of her bedroom to see what was the cause of the explosion and confronted fully armed men in military attire, pointing assault weapons at her, ordering her to put her hands on the wall.

9.  Plaintiff feared for her life, as it was six o'clock in the morning and Plaintiff half awake.

10. Plaintiff looked down her stairway, and the persons pointing the assault weapons at her ran up the staircase, grabbed her and dragged her down to the main floor, forcing her to sit on a chair in her dining room and handcuffed here hands behind her back.

11. Plaintiff could see shattered glass all over the floor from the explosion which destroyed her patio glass door.

12. At no time did the individuals indicate who they were, nor did they indicate that they had a warrant.

13. Plaintiff observed several persons clad in full body armor with weapons also bring her tenant (an IT technician) up from the basement, and put him to sit in the living room with his hands handcuffed behind his back.

14. While Plaintiff was sitting in the dining room with an assault weapon pointed at her head, she turned to see who all were entering her home and was told not to look over at the front door.

15. Plaintiff repeated asked her assailants if they had a warrant and demanded to call her attorney, but was ignored. Meanwhile, Plaintiff observed these intruders walking around her house placing paper on each door and writing a number and letter on the doors.

16. Plaintiff observed the intruders taking several photographs and videos throughout the house.

17. Approximately 30-45 minutes after the intrusion, one man, later described as Agent Jason Manyx from Homeland Security, showed up with a warrant for Plaintiff's arrest and a warrant to search and seize property. Plaintiff was not able to see these 'warrants' as she was still handcuffed to the chair and could not move.

18. Plaintiff never consented to the search, and estimates that there were approximately 30 U.S. Homeland Security and Immigration Custom Enforcement (ICE) agents, dressed in full body gear with assault weapons and flash/bang grenades and aerial support.

19. Plaintiff was moved to the second floor where she keeps her office. She was later allowed to retrieve her shoes, from which the agents then removed the shoestrings.

20. Plaintiff continues to demand to call her attorney but was refused the right.

21. Upon information and belief, the flash/bang grenades destroyed Plaintiff's patio glass door and startled the neighbors in the otherwise quiet neighborhood.

22. Plaintiff, a registered master electrician, was led out the house in handcuffs amid the stares of curious neighbors who seemed just as perplexed as Plaintiff.

23. Plaintiff was placed in a cruiser and taken to a holding cell owned by the U.S. Marshals, where she was finger printed, photographed, and interrogated.

24. At no time was Plaintiff given an opportunity to call her lawyer despite repeated demands.

25. Plaintiff learned that the warrant for arrest was for impersonating a foreign diplomat, consul or officer, precipitated by an illegal traffic stop on September 19, 2013, where Plaintiff represented that she had surrendered her license. When asked for identification, Plaintiff provided her documentation which Defendant alleges was fraudulent.

26. At approximately 3:00pm, Plaintiff, handcuffed and ankle-cuffed, was taken before the magistrate, where she was released on her own recognizance with conditions.

27. Plaintiff returned home to find extensive damage to the front and rear entrances to her property.

28. Plaintiff eventually was given a federal public defender, and the matter was dismissed without prejudice.

29. Plaintiff is still traumatized by the entire event.


## COUNT I

### Defendant Violated Plaintiff's Civil Rights by Wrongfully Arresting Plaintiff

30. Plaintiff alleges and realleges the foregoing averments made in paragraphs 1 through 29.

31. Defendant deprived Plaintiff of her right of freedom in her own home by entering the premises without showing or presenting a warrant and handcuffing Plaintiff to a chair in dining room.

32. Plaintiff continually asked the agents to identify themselves and to indicate why they had broken into her house and handcuffed her to her dining room chair.

33. The actions of Defendant traumatized Plaintiff and have caused tremendous embarrassment in the community and ensuring emotional distress.

## COUNT II

### Defendant Destroyed Plaintiff's Property (Destruction of Property)

34. Plaintiff alleges and realleges the facts contained in the foregoing paragraphs 1
through 33.

35. Defendant destroyed Plaintiff's property and has not repaired it.

36. Defendant used an incendiary or other explosive device that shattered Plaintiff's rear
glass door.

37. Defendant also damaged Plaintiff's front door while gaining access to Plaintiff's
property.

38. The actions of Defendant are a direct cause of damage to Plaintiff's home.

39. Defendant is responsible for compensating Plaintiff for damage to Plaintiff's property
caused by Defendant's actions.


## COUNT III

### Defendant United States of America Violated Plaintiff's Fourteenth Amendment Substantive Due Process

40. Plaintiff alleges and realleges the facts contained in the foregoing paragraphs 1
through 39.

41. The actions of Defendant deprived Plaintiff of her 14th Amendment substantive due
process rights.

42. Defendant's agents barged into Plaintiff's house without identifying themselves, or
explaining to Plaintiff why they had assault weapons pointing at her, and why they

had awakened her tenant, brought him up from his basement apartment, and had him handcuffed to a dining chair.

43. There has never been a history of violence associated with Plaintiff or any organization to which Plaintiff had been associated.

44. Plaintiff had a right to know who were the people that barged into her house, why they had taking the actions they were taking, and on what authority. Defendants failed to provide this information, and had Plaintiff responded as though her home was being robbed and fired shots, that would have created the pretext for the small army of Plaintiff's lawn to commence a full scale assault on Plaintiff's home, which would have resulted in Plaintiff's death, and possibly that of her tenant.

45. Defendant's agents began collecting items from Plaintiff's house without explaining why they were doing so, and on what authority. Plaintiff's cell phones and other property were taken. The entire house was ravaged; still no identification or explanation as required by law.

46. Plaintiff was deprived of her freedom, as well as her property. Her property rights are protected by the Fourteenth Amendment of the United States Constitution, and any deprivation thereof under color of law is a violation of her civil rights under Section 1983.

47. Approximately 35-40 minutes after Defendant's agents had Plaintiff handcuffed to a chair in her house, Defendant's agent (Jason P. Manyx) arrived with a warrant and told her she was being arrested for 'impersonating a foreign diplomat.'

48. The affidavit submitted by Defendant's agent Manyx showed the scope of the basis for the military action against Plaintiff. Further discovery will prove that the actions taken, collectively, were wrongful and designed to deprive Plaintiff of her rights.

49. The action of Defendant constitutes 'state action', deprived Plaintiff of her substantive due process under the 14th amendment, and were illegal.

50. Plaintiff was harmed by Defendant's actions.

## COUNT IV

### Defendant Intentionally Subjected Plaintiff to Emotional Distress

51. Plaintiff alleges and realleges the facts contained in the foregoing paragraphs 1 through 50.

52. Defendant's actions were wilful and malicious.

53. Defendant knew or should have known that there were two (2) unarmed individuals in Plaintiff's home.

54. Based on the affidavit of Defendant's Agent Manyx, which accompanied the criminal complaint, Defendant's knew in advance where the home was located, knew how to identify it, and surveilled the premises prior to the action of October 8, 2015.

55. The force used, and the timing applied against Plaintiff was designed to threaten and intimidate Plaintiff.

56. Plaintiff has had problems sleeping in her house, and becomes restless when the slightest sound is made.

57. Defendant arrived on Plaintiff's property with over 30 agents in full body armor and military attire along with assault weapons.

58. Defendant's actions constitute excessive force and was designed to embarrass and humiliate Plaintiff.

59. Defendant must compensate Plaintiff the emotional distress and pain and suffering she is experiencing as a direct result of Defendant's actions.

## COUNT V

### Defendant Falsely Imprisoned Plaintiff

60. Plaintiff alleges and realleges the facts contained in the foregoing paragraphs 1 through 59.

61. Defendant falsely imprisoned Plaintiff by depriving her of her liberty, while holding her in a cell managed by the U.S. Marshal Service.

62. Plaintiff consistently demanded to contact an attorney, but was refused this right.

63. At no time was Plaintiff advised of her Miranda rights. Defendant failed to advise Plaintiff of her Miranda rights.

64. The false imprisonment was demeaning and damaging to Plaintiff.  Plaintiff was injured by this false imprisonment.

65. Defendant's actions were the sole and actual cause of Plaintiff's imprisonment.

66. Defendant's deprivation of Plaintiff's liberty directly harmed Plaintiff.

## COUNT VI

### Defendant's Actions Damaged Plaintiff's Business

67. Plaintiff alleges and realleges the facts contained in the foregoing paragraphs 1 through 66.

68. Defendant went to Plaintiff's office on the second floor, and took a substantial amount of business-related items at a critical time when Plaintiff was completing a bid for a significant highway construction project.

69. Plaintiff was denied a lucrative subcontract as a result of Plaintiff's actions.

70. Plaintiff's business lost out on more than Ten Million U.S. Dollars ($10m USD) in revenues as a result of the actions of Defendant.

71. Defendant's actions are a proximate cause of injury to Plaintiff's business.


## COUNT VII

### Defendant's Used Excessive Force Against Plaintiff


72. Plaintiff alleges and realleges the facts contained in the foregoing paragraphs 1 through 71.

73. As stated before, Defendant was aware of the location and characteristics of Plaintiff's home as a result of surveillance.

74. Defendant knew or should have been aware of the fact that there were only two (2) individuals residing in Plaintiff's residence.

75. Defendant has failed to demonstrate that it possessed any evidence to show that either of the occupants possessed weapons, or had a history of violence.

76. Defendant arrived with no less than 30-40 agents, vehicles, and may have even had aerial surveillance to include a helicopter and or drone.

77. Defendant's agents were fully armed in protective combat gear, along with assault weapons and grenades.

78. Defendant utilized flash bombs (grenades) on Plaintiff's rear glass door shattering the door and the quiet of the neighborhood.

79. There was absolutely no credible justifiable reason for that manner of assault against the two (2) unarmed individuals who were residing in the home.

80. The actions of Defendant were excessive, harmful and potentially lethal. Most importantly said actions were unnecessary and unwarranted and exposed Plaintiff to unnecessary harm and danger.

81. The actions of Defendant were excessive and directly harmed Plaintiff.

## COUNT VIII

### Defendant Maliciously Prosecuted Plaintiff

82. Plaintiff alleges and realleges the facts contained in the foregoing paragraphs 1 through 81.

83. Defendant actions do not coincide with the justification presented to the court.

84. Plaintiff believes that discovery will reveal that Defendant mistakenly associated Plaintiff with a convicted felon, Anthony James McNab.

85. Plaintiff has never met, and does not know anyone by the name Anthony James McNab; nor does Plaintiff know of anyone associated with someone of this name.

86. Defendant continued to prosecute Plaintiff even after it realized it had made a mistake.

87. Discovery will reveal the depth of Defendant's mistake, and Defendant's determination to prosecute Plaintiff notwithstanding.

88. The actions of Defendant injured Plaintiff and Plaintiff's business

**WHEREFORE,** Plaintiff prays that this Honorable Court will enter an order against Defendant, granting Plaintiff the relief herein prayed for:

a) An award against Defendant for wrongful arrest;

b) An award against Defendant for destruction of property;

c) An instruction to Defendant to return property belonging to Plaintiff that was removed from her home;

d) An award against Defendant for Violation of Plaintiff's Fourteenth Amendment Substantive Due Process;

e) An award against Defendant for falsely Imprisoning Plaintiff;

f) An award against Defendant excessive force;

g) An award against Defendant for infliction of emotional distress;

h) An award against Defendant for malicious prosecution;

i) An award against Defendant for damage to Plaintiff's business;

j) An award against Defendant for punitive damages; and

k) Whatever other relief this Honorable Court deems necessary and proper.


**RESPECTFULLY SUBMITTED** this ____ day of January 2016.


**SHIRLEY A. STEWART, PRO SE**
**PLAINTIFF**
**1601 Society Court**
**Herndon, VA 20170**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have caused a true and accurate copy of the foregoing Amended Complaint to be served upon Defendant, via certified U.S. mail, postage prepaid, upon Defendant United States of America, this ___4th___ day of January 2016 at the following address:

> **Hon. Dana J. Boente**
> **United States Attorney for Eastern District of Virginia**
> **Justin W. Williams U.S. Attorney's Building**
> **2100 Jamieson Ave.**
> **Alexandria, VA 22314**