UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SHIRLEY A. STEWART, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 1:15cv1362 |
| UNITED STATES OF AMERICA | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT**

Defendant, United States of America, respectfully submits this opposition to Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment. (Dkts 35-38, "Plaintiff's Motion"). As Plaintiff fails to establish that relief is merited under Federal Rule of Civil Procedure 59(e), her motion must be denied.

**INTRODUCTION**

Plaintiff has filed this motion requesting reconsideration of this Court's April 8, 2016 Order dismissing her Federal Tort Claims Act ("FTCA") complaint as untimely. (Dkt. 34). Plaintiff relies on two arguments, specifically (1) that she has "unanswered" administrative claims before the Department of Homeland Security Headquarters (DHS Headquarters) and the Department of Justice, and (2) she filed a complaint in the District Court for the District of Columbia prior to the six month deadline, effectively tolling the statute of limitations. Yet Plaintiff's assertion regarding her unanswered administrative claims is incorrect, as the only administrative claim that matters is the one she submitted to the appropriate agency, Immigration

1

and Customs Enforcement (ICE), where her claim was processed and denied.  As such, Plaintiff has received the United States' final disposition on her administrative claim, and any unanswered claims sent to various other agencies arising from the same incident are irrelevant.  Furthermore, Plaintiff failed to raise this argument prior to this Court's Order, and as such cannot utilize Rule 59(e) as a vehicle to raise this new assertion.

In addition, Plaintiff simply reiterates her argument that she filed a complaint on or about March 4, 2015 in the District of Columbia, and references the exact two pieces of evidence she filed with this Court on March 30, 2016.  Dkt. 26, 36.  Without any other evidence of what Plaintiff's claim was before the District of Columbia, Plaintiff fails to establish that she put forth the exact same claims she asserted before this Court, and thus fails to show that she suffered any manifest injustice or that the Court erred in its judgment.  And perhaps more importantly, even if Plaintiff were correct about the contents of her District of Columbia complaint, the proper remedy – as the then-Chief Judge of that court has informed her – is to cure the problem with and proceed on *that* civil action, not obtain extraordinary relief under Rule 59(e) in a new civil action before this Court.  Furthermore, Plaintiff attempts to do that which Rule 59(e) prohibits, namely asking this Court to reconsider her argument and evidence one more time.  As such, Plaintiff's Motion should be denied.

## STANDARD OF REVIEW

This motion for reconsideration is governed by the standards of Federal Rule of Civil Procedure 59.  Rule 59(e) relief "is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting Wright & Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).  Under Rule 59(e), a court

may alter or amend a judgment in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* Further, "if a party relies on newly discovered evidence in its Rule 59(e) motion, the party 'must produce a legitimate justification for not presenting the evidence during the earlier proceeding.'" *Id.* Under Rule 59(e), it is well established that parties may not: (1) "raise arguments which could have been raised prior to the issuance of the judgment," (2) "argue a case under a novel legal theory that the party had the ability to address in the first instance," or (3) "relitigate old matters." *Id.* Simply put, Rule 59(e) is not intended "to give the unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977); *see also Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (holding improper a motion that "ask[s] the Court to rethink what the Court had already thought through—rightly or wrongly"); *TomTom, Inc. v. AOT Sys. GmbH*, 17 F.Supp. 3d 545, 546 (E.D. Va. 2014).

## ARGUMENT

### I. Plaintiff Does Not Have Pertinent Unanswered Administrative Claims.

Plaintiff's assertion that the unanswered administrative claims she sent to the Department of Justice and DHS Headquarters (separate from the claim she submitted to ICE) somehow grant her "any time thereafter" to file a complaint is illogical and incorrect. The Federal Tort Claims Act (FTCA) contains no provision permitting claimants to pepper any and all Federal agencies with administrative claims hoping to recover from at least one. Submitting redundant claims to ICE, DHS Headquarters[1] and the Department of Justice does not create an obligation for the

---

[1] Notably, the claim Plaintiff submitted to DHS Headquarters is rendered even more irrelevant by

Executive Branch to separately process several different administrative claims arising out of the exact same incident.[2]  The law is clear that only one Federal agency will process the administrative claim arising out of the same incident.  28 C.F.R. § 14.2.  In fact, the FTCA itself specifically directs claimants to submit their claim "*to the appropriate agency*" and receive a final disposition prior to filing a complaint in District Court.  28 U.S.C. 2675(a) (emphasis added).

In this case, Plaintiff submitted her administrative claim to the correct agency (*i.e.*, ICE, the agency whose employees are the subject of Plaintiff's allegations) and received a final disposition in the form of a denial on September 11, 2014.  Plaintiff's deadline for filing a complaint in the Eastern District of Virginia was thus six months after ICE mailed her denial letter.  28 U.S.C. 2401(b).  As such, Plaintiff's administrative claim was processed appropriately under the statute, Plaintiff was provided adequate notice of the deadline to file in District Court, and subsequently waited over a year to file in this District.  This Court's order dismissing her case is appropriate and does not remotely rise to an abuse of discretion.  Furthermore, Plaintiff has provided no reason why she did not make this argument prior to this Court's judgment, and as such cannot raise it now under the guise of a Rule 59(e) motion.

## II. Plaintiff's Putative Filing in the District of Columbia Does Not Warrant Relief in this Case Under Federal Rule of Civil Procedure 59(e).

Plaintiff's Motion seeks to do exactly what Rule 59 prohibits; namely, relitigating and resubmitting evidence this Court already received and considered.  Specifically, Plaintiff points to two documents she previously submitted to this Court establishing that she filed a complaint on or about March 4, 2015 in the District Court for the District of Columbia, and that the case was

---

the fact that ICE is part of DHS.

[2] Plaintiff supplied copies of the administrative claims she submitted to ICE, DHS Headquarters and the DOJ.  All are identical and arise from the same incident.  (Dkts 1, 38)

4

administratively mishandled during its transfer to this Court. (Dkts 26, 36).   Put simply, reading Plaintiff's papers liberally as a *pro se* litigant, Plaintiff appears to argue that she filed a judicial complaint in the District of Columbia based on the same allegations, and that such a filing should serve to toll the statute of limitations before the filing of her instant complaint in this Court.

Plaintiff's position does not justify the extraordinary relief of Rule 59(e) for two reasons. *First,* Plaintiff has failed to provide any evidence of the *precise* claims she asserted in that complaint (*i.e.*, the complaint *itself*), and now only resubmits the exact same two documents she previously provided to this Court with *identical* accompanying arguments.   Without knowledge of exactly what Plaintiff asserted in her District of Columbia complaint, it is impossible to tell whether she tolled the statute of limitations for the claims she asserted in her complaint before this Court.

And although Judge Moss's transfer order sheds a modicum amount of light on the nature of Plaintiff's claims, based on that order, it appears that Plaintiff filed a different claim in the District of Columbia than her claim before this Court.   Dkt. 36 at 4-6.   Plaintiff's complaint before this Court is clearly limited to the Federal Tort Claims Act, Dkt. 1, while her complaint in the District of Columbia involves various other causes of action and different incidents, to include her original traffic stop.   Dkt. 36, at 4-6.   There is no indication that Plaintiff asserted the exact same claims before this Court that she did before the District of Columbia, and as such she fails to demonstrate the necessity to correct a clear error of law or prevent a manifest injustice.

*Second,* Plaintiff's position in this regard confirms that she will suffer no prejudice from this Court's dismissal, and that as such, there is no need for the extraordinary relief of Rule 59(e). If Plaintiff is correct that her District of Columbia complaint is identical to her instant complaint in

this Court, then the appropriate course of action would be for her to follow the instructions that then-Chief Judge Roberts provided to her: re-transmit her initial complaint to the District Court for the District of Columbia, and that court will re-process the complaint so that she may proceed on the same.   In short, if Plaintiff pursues that course, she will obtain a forum for her allegations (which, as the United States argued in its dispositive motion here, are meritless in any event), and has no need to litigate an ostensibly identical claim here.

In this respect, Plaintiff once again attempts exactly that which Rule 59(e) prohibits – to sway the judge's opinion another time absent any new evidence or argument.   Given the sparing use of 59(e) as a remedy and the fact that Plaintiff simply refers to evidence already submitted to this Court prior to judgment, this motion should be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By:            /s/
Agatha Swick
Special Assistant U.S. Attorney
Dennis C. Barghaan, Jr.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3831 (direct)
(703) 299-3983 (fax)
agatha.swick@usdoj.gov

DATE: May 4, 2016                                                   *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Shirley Stewart
1601 Society Court
Herndon, VA 20170
Shirley.a.stewart3@gmail.com


Date:   May 4, 2016                              /s/_____
                                                AGATHA M. SWICK
                                                Special Assistant U.S. Attorney
                                                DENNIS C. BARGHAAN, JR.
                                                Assistant U.S. Attorney
                                                2100 Jamieson Avenue
                                                Alexandria, Virginia 22314
                                                Telephone: (703) 299-3831
                                                Fax:            (703) 299-3983
                                                Email:   agatha.swick@usdoj.gov

                                                ATTORNEYS FOR DEFENDANT